## THE DISTRICT COURT FOR THE UNITED STATES OF AMERICA

## DISTRICT OF COLUMBIA (Washington, DC) (ARTICLE III COURT)

Case: 1:25−cv−01158
Assigned To : Friedrich, Dabney L.
Assign. Date : 3/28/2025
Description: Pro Se Gen. Civ. (F−DECK)

IN THE MATTER OF:

## THE ESTATE OF HOLLY JO RIAHI

### PETITION FOR TORT RELIEF DUE TO EXTREME TRESPASS AGAINST THE ESTATE

**COMES NOW**, THE ESTATE OF HOLLY JO RIAHI, by and through its Authorized Representative, Riahi, Holly Jo, *sui juris* and with full standing and lawful authority, to respectfully submit this Petition for Tort Relief and Federal Oversight to this Honorable Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 1651, Article III, Section 2 of the U.S. Constitution, and supporting federal and international law. This petition arises from extreme financial fraud, conversion, trespass, and Constitutional violations by multiple state actors and corporate agents operating under color of law.

This petition is brought against the following named parties: NAVY FEDERAL CREDIT UNION (hereinafter "NFCU"), WELLS FARGO BANK, N.A. (hereinafter "WELLS FARGO"), TRUSTEE SERVICES OF VIRGINIA, LLC (hereinafter "TRUSTEE"), FEDERAL NATIONAL MORTGAGE ASSOCIATION (hereinafter "FNMA"), BROCK & SCOTT, PLLC (hereinafter BROCK & SCOTT), and John Collins (in both his private capacity and his public capacity as C.F.O. of NFCU), and all agents, officers, trustees, or entities acting on their behalf or in concert with them and have knowingly participated in or facilitated the wrongful acts



RECEIVED
MAR 28 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

described herein. Each named party bears direct or vicarious liability for their role in the deprivation of rights and the harm inflicted upon The Estate and Its property and are jointly and severally liable for the harm caused.

The Estate and Its Authorized Representative meet the Constitutional requirements for standing under Article III, as both the Estate and Its Authorized Representative have personally (1) suffered actual and threatened injury; (2) said injuries can directly and verifiably be traced to the challenged action of the Defendants, and each of them; and (3) the injury is likely to be redressed by a favorable decision. Plaintiff will present evidence in the form of Maxims of law, public law violations with U.S.C. codifications, and Constitutional right violations. *"A maxim is so called, because its dignity is chiefest, and its authority the most certain, and because it is universally approved by all."* **Coke on Littleton 11**. *Bouvier stated that maxims are rules or principles of law universally admitted as being just and consonant with reason..these existed before the law, for it has been well observed, Nations have been found without laws, none without maxims.*

The Estate stands on a foundational Maxim pertaining to this entire matter, which states:

***"Equity will not suffer a wrong to be without a remedy."***

All matters of law or in fact presented herein are sourced and/or extracted from verifiable sources and are but a cursory summary. Failure of interested parties to correct or rebut any given matter of law or fact, in signed affidavit form, will be construed as confession of correctness with the consequence of general application as facts for legal purposes.

Plaintiff submits the following list of Exhibits to be presented for a jury trial and reserves the right to incorporate additional Exhibits, as the need arises:

A. Estate instrument, also known as Promissory note or "Note", dated March 22, 2021 – Pgs 1-4

B. Defendant NFCU's Responses to Plaintiff's [Exhibit L] Interrogatories – Pgs 1-13

C. Estate's Motion for Preliminary Injunction, Withdrawal Certification, and Affidavit of Withdrawal – Pgs 1-10

D. BROCK & SCOTT PLLC Acceleration Letter, Estate's Response Demand Letter, BROCK & SCOTT PLLC Response to Demand Letters – Pgs 1-20

E. Defendant NFCU's February & March 2025 Account Statements – Pgs 1-4

F. Estate's Final Private Request for Estate Accounting from Defendant NFCU with Proof of Mailing – Pgs 1-4

G. Estate's Response to Defendants' Motions Craving Oyer – Pgs 1-13

H. Defendants' Response to Plaintiff's Motion for Preliminary Injunction – Pgs 1-9

I. Estate's Real Property Deed – Pgs 1-4

J. Defendant NFCU's Notice of Default and Intent to Foreclose – Pgs 1-3

K. Estate's [Exhibit A] Related IRS Forms – Pgs 1-9

L. Estate's State Court Amended Complaint – Pgs 1-10

M. Estate's Closing Cashier's Check Receipt – Pgs 1-3

## I. FEDERAL GROUNDS FOR TORT PETITION AND JUDICIAL INTERVENTION

### 1. Jurisdiction Based on Federal Financial Crimes and Securities Violations

This case involves multiple violations of Federal law and fiduciary obligations by Defendants, and each of them, including:

- Unlawful securitization of Estate instruments in direct violation of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j, 78o).
- Wire Fraud under Pub. L. 110–179, § 3, Jan. 7, 2008, 121 Stat. 2557, codified at Title 18 U.S.C. § 1343, and Mail Fraud under Pub. L. 110–179, § 4, Jan. 7, 2008, 121 Stat. 2557, codified at 18 U.S.C. § 1341, through the use of deceptive notices, both in paper and by electronic transmissions and fraudulent foreclosure threats, both in paper and by electronic transmission.
- Violations of the Truth in Lending Act (TILA), Pub. L. 111–203, title X, § 1100A(2), July 21, 2010, 124 Stat. 2107, codified at 15 U.S..C § 1641(g) – Defendants failed to properly disclose the transfer and securitization of the Estate's financial instruments and failure to disclose the creation of derivative securities for unjust enrichment, misleading both the executor and beneficiaries.
- Fair Debt Collection Practices Act (FDCPA) § 809(b), Pub. L. 109–351, title VIII, § 802, Oct. 13, 2006, 120 Stat. 2006, codified at 15U.S.C. § 1692g(b) – Defendants have engaged in debt collection actions without proof of claim, contract, or lawful ownership.

As these Federal violations supersede State law, exclusive jurisdiction is held only by a Federal Article III Court. A state court has neither the expertise nor the authority to adjudicate these claims under federal law.

**2. Due Process Violations and Lack of Judicial Oversight at the State Level**

The Circuit Court of Virginia Beach, Virginia has repeatedly failed to:

- Require a forensic accounting of Estate property and mortgage instrument (See Exhibit A), despite multiple lawful demands for a forensic accounting of the Estate's financial instruments made by the Plaintiff (See Exhibits B and L).
- Demand proof of standing, proof of lawful ownership, or evidence of an actual debt obligation prior to allowing the continuation of unlawful foreclosure actions to proceed.
- Permitted judicial collusion by engaging in actions that favor corporate financial institutions over the interests of the Estate, in violation of the Court's duty to remain neutral and uphold fiduciary responsibilities (See Exhibit C).
- Acknowledge the Constitutional rights of the Estate, including Fifth and Fourteenth Amendment protections.
- Prevent the continued trespass, unlawful enforcement, and financial coercion against the Estate, despite a detailed injunction motion (See Exhibit C).

The repeated failure to enforce Constitutional due process is a breach of fiduciary duty and judicial neutrality.

### 3. Malicious Intent and Collusion by Named Defendants

Defendants, and each of them, including NFCU, WELLS FARGO, FNMA, TRUSTEE, and BROCK & SCOTT, have demonstrated a pattern of criminal conduct in order to unjustly enrich each of them including:

- Issuing fraudulent foreclosure action notices while failing to provide a legally valid proof of claim (See Exhibits D and J).
- Using fraudulent "acceleration of loan" notices to intimidate and coerce the Estate into accepting an unlawful financial obligation (See Exhibits D and E).

- o The holder of an imperfect deed or assignment (imperfect title) is deemed a volunteer and equity does not aid a volunteer. The grantee of an imperfect gift **without consideration** is also a volunteer.

    Maxim: *"Equity does not aid a volunteer."*

- Failing to comply with multiple lawful demands for proof of ownership, validation of debt, and IRS accounting records (See Exhibit D pg 6 (I.2.), pg 7 (I.3. and II.2.), and pgs 9-11; Exhibit F; and Exhibit G pg 4 (¶8) and pg 13).

- Refusing to disclose securitization agreements and accounting, which have generated millions in unjust enrichment for the financial institutions, while falsely claiming the Estate owes a fabricated balance (See Exhibit B ¶16 thru ¶20).

- Concealment of Estate property being used as collateral to back MBS(s) generating undisclosed profits to Investors (See Exhibit B ¶16 and ¶19; Exhibit L pg 10 ¶1; and Exhibit H pg 2 ¶2).
    - o Plaintiff is a victim of loss of a legal right to property (securities and profits generated from Estate instruments), which is continuously causing irreparable damages.

    Maxim: *"Equity will not suffer a wrong to be without a remedy."*
    Maxim: *"Equity is equality."*

These fraudulent actions have been allowed to continue by the Circuit Court of Virginia Beach, Virginia and reflect a coordinated effort to convert and steal the Estate's financial property, causing irreparable harm to the Estate, the Authorized Representative, and all heirs.

**4. Violations of Trust Law, Fiduciary Duty, Equitable Title, and Unlawful Securitization**

The Estate has provided **clear evidence** that the original financial instruments were securitized (See Exhibit H, pg 2 ¶2 and Exhibit B ¶5, ¶13, and ¶16) and sold in financial markets. The Estate further avers that:

- No actual "loan" ever existed—the Estate's signature created value that financially benefited the Payee, Defendant NFCU, by special indorsement (See Exhibit A, pg 3-4 and Exhibit B ¶10), which was then unlawfully converted into a mortgage-backed security(ies) (hereinafter "MBS") without disclosure (See Exhibit H, pg 2 ¶2).

- Title to the deeded real property, commonly known as 2028 Melstone Drive, Virginia Beach, Virginia, and all derivatives thereof are private property exclusively owned by the Estate (See Exhibit I).

- The equitable interest created by a contract in rem, made upon a valuable consideration (See Exhibits A, I, and M), is superior to the equity arising from a mere voluntary transfer or from the satisfaction of a pre-existing debt.

- No one is presumed to give something for nothing, and no one can in reason and conscience expect to receive something for nothing. Whenever a person parts with a consideration, he is presumed to intend to acquire whatever that consideration pays for.

- Cornell Law defines "Consideration" as "a promise, performance, or forbearance bargained by a promisor in exchange for their promise. Consideration is the main element of a contract. Without consideration by both parties, a contract cannot be enforceable."

- Defendant NFCU has refused to, or cannot, prove consideration was given to HOLLY JO RIAHI for the purpose of the real property purchase finalized on March 22, 2021, despite fraudulent and sworn claims to have loaned "money" (See Exhibit B ¶9). Without

verifiable evidence of consideration, NFCU, through its Agent Amanda Long, has either committed Perjury or has evidenced lack of consideration, voiding any purported contract lien *ab initio*.

- Section 23 of the Federal Reserve Act is restricted to extensions of credit to a Member Bank affiliate, secured by a cash collateral deposit of 100% of the credit extended, as seen in (c)(1)(A). The purported contract and "loan" from NFCU to HOLLY JO RIAHI is an either-or proposition, either the contract and "loan" are fraudulent OR the alleged loan has been secured by a cash deposit of 100% in the form of the Estate's instrument dated March 22, 2021. The Estate demands GAAP compliant accounting for the Collateral Deposit Account, as this documentation is necessary for the sole purpose of set-off and to ensure transparency in the accounting of the alleged obligation.

- Pub. L. 111–203, title III, §§ 312(c), 334(b), 363(1), July 21, 2010, 124 Stat. 1522, 1539, 1550, codified at 12 USC §1813(l)(1), requires a receipt for credit given in exchange for the promissory note deposited to the depository institution. This fact is noted explicitly within the real property deed from Joseph R Pickell to Holly Jo Riahi (See Exhibit I pg 1 ¶2) and reads, " *THAT FOR AND IN CONSIDERATION, as referenced above, cash in hand paid, and other good and valuable consideration, the receipt of which is hereby acknowledged...* " Defendant NFCU failed or refused to issue a receipt for all credits given on or after the purchase finalization on March 22, 2021 and upon acceptance of the promissory note of HOLLY JO RIAHI, as previously averred in Exhibit L pg 4 ¶3.

- The investor(s) of the MBS and/or MBS Trust containing the MBS(s), created from the Estate's instrument, have been compensated monthly by the Estate's erroneous payments

on a non-existent debt (See Exhibit B pg 10 and Exhibit D pg 5). Escrow payments from NFCU have been made from an undisclosed account for several months in 2024 and 2025 (See Exhibit E pgs 2 and 4). Plaintiff possesses information indicating these payments are made from the concealed Collateral Deposit Account.

- Defendants and their affiliates, subsidiaries, investors, and/or assigns have violated Pub. L. 104–294, title VI, §606(a), Oct. 11, 1996, 110 Stat. 3511., codified at 18 USC §662, by knowingly buying and receiving bank notes, which are the subject of larceny.
- Defendants and their affiliates, subsidiaries, investors, and/or assigns have violated Pub. L. 111–21, § 2(e)(1), May 20, 2009, 123 Stat. 1618, codified at 18 USC §1348(1) and (2), by defrauding any person (the Estate) in connection with and obtaining, by means of false or fraudulent pretenses, representations, or promises, any money or property in connection with the purchase or sale of any commodity for future delivery, or any option on a commodity for future delivery, or any security of an issuer.
- NFCU, WELLS FARGO BANK, FNMA, their investors, and associated financial entities continue to profit from the Estate's financial instruments, while fraudulently demanding unlawful and illegal payments from the Estate.
- All proceeds from mortgage-backed securities, servicing rights, and securitization transactions were withheld from the Estate through deception, omission, and concealment.
- The Estate has a rightful claim to all profits derived from its financial instruments, including mortgage-backed securities, derivatives, and receivables.

By failing to provide full disclosure and accounting records, the Defendants have engaged in fraudulent concealment and financial misrepresentation in direct violation of federal securities laws. This constitutes a constructive trust breach, violating fundamental principles of equity and fiduciary law.

The only proper venue to adjudicate these federal financial crimes is the Article III court in Washington, D.C.

## 5. Fraudulent Activities By Officers and Employees Of Financial Institutions

Defendant John Collins, both privately and publicly as the Chief Financial Officer of NFCU, or his agents acting on his behalf, have violated Pub. L. 111–203, title III, § 377(5), July 21, 2010, 124 Stat. 1569, codified at 18 U.S.C. §1006, which prohibits fraudulent activities by officers and employees of financial institutions. By allowing or directing the concealment of material facts, including the undisclosed securitization and sale of the Estate's instrument as an MBS to Fannie Mae on May 13, 2021, while continuing to assert NFCU's interest as the holder of the instrument/"Note", John Collins and his agents have willfully misrepresented the true nature of the financial transaction. Further, the unauthorized and concealed Substitution of Trustee, executed to facilitate a wrongful foreclosure under a void Deed of Trust, constitutes fraudulent misrepresentation within a federally regulated credit union.

Additionally, any accounting records created and maintained by NFCU purporting to show a debt owed by HOLLY JO RIAHI to NFCU are part of this fraudulent scheme, as they knowingly misrepresent the financial relationship between the parties and conceal the true disposition of the alleged obligation. As Defendant NFCU's C.F.O., John Collins is directly aware of all financial activities of the depository institution and, in his private capacity, benefits

financially from the massive profits generated by these actions. These actions involve knowingly making false statements and entries intended to deceive both the alleged borrowers, the courts and regulatory agencies regarding NFCU's actual standing and financial interest, thus violating public law and 18 U.S.C. §1006.

*Maxim:* *"Equity acts in personam."*

**6. Demand for Article III Court's Oversight to Prevent Further Financial Harm**

This matter requires **immediate adjudication** in an Article III court, as:

1. The Estate's property and financial instruments remain at risk of further unlawful takings.
2. The Defendants have ignored multiple lawful demands for a full forensic accounting, proof of ownership, and IRS tax documentation.
3. The state court has repeatedly failed to dismiss fraudulent claims and stop illegal foreclosure attempts and has allowed financial actors to trespass under color of law.
4. Judicial bias is evident as the state court has facilitated corporate interests over the Estate's lawful claims (See Exhibit C).
5. Constitutional violations have already occurred, including denial of due process, lack of transparency, and refusal to honor lawful demands for evidence (See Exhibits B, G, and L).

Given the severity of the financial fraud, the gross negligence and lack of judicial impartiality of the State court, and the continued unlawful actions of Defendants, this matter must be **IMMEDIATELY** processed and reviewed by the United States District Court for the District of Columbia to ensure proper adjudication.

*Maxim:* *"Equity follows the law."*

## RELIEF REQUESTED

WHEREFORE, The ESTATE of HOLLY JO RIAHI lawfully demands the following:

1. Adjudication by Article III Court due to the federal nature of all claims.

2. Immediate Emergency Injunctive Relief against any further foreclosure or property sale attempts until this case is fully adjudicated in this Article III court, United States District Court for the District of Columbia.

3. A forensic audit of all securitization transactions and profits, IRS filings, and financial transactions related to the Estate's mortgage and financial instrument(s) in question.

4. Full restitution for all profits derived from the unlawful securitization and sale of the Estate's financial instruments, and all payments made under fraudulent pretenses, including down payments, monthly payments, and interest charges unlawfully collected.

5. A permanent injunction barring Navy Federal, Wells Fargo, and all Defendants from engaging in any foreclosure, eviction, or sale of the Estate property.

6. A Cease-and-Desist Order barring all Defendants from future contact or collection efforts against the Estate.

7. A formal judicial review of Constitutional violations by the Circuit Court of Virginia Beach, Virginia.

8. A paper receipt supplied to the Estate's Authorized Representative evidencing credit given for the promissory note of HOLLY JO RIAHI deposited on or about March 22, 2021.

9. Immediate imposition of the maximum statutory penalties, both civil and criminal, available under 18 U.S.C. § 1006, including fines and imprisonment, for each instance of

fraudulent misrepresentation, concealment of material facts, and false entries knowingly made by NFCU C.F.O. John Collins and each involved agent or officer.

10. An order requiring NFCU to produce a copy of the collateral deposit, a receipt of the same, and accounting of the same associated with the promissory note of HOLLY JO RIAHI dated March 22, 2021 and alleged loan, as required under Section 23(c)(1)(A) of the Federal Reserve Act, and in compliance with Generally Accepted Accounting Principles (GAAP) for full disclosure.

11. An order requiring NFCU to disclose the source account information for the monthly payments made to security(ies) investors, as reflected in NFCU's monthly statements regarding account 8043823890, from March 2021 to present day, to ensure full transparency of the financial transactions related to the Estate's instruments and alleged obligation.

12. Investigation into all potential RICO violations committed by the financial institution Defendants in conspiracy against the Estate.

The foundational Maxim the Estate closes this Petition with is:

*"Equity will not suffer a wrong to be without a remedy."*

Dated: March 27, 2025

Respectfully submitted,

Riahi, Holly Jo
Authorized Representative for **THE ESTATE OF HOLLY JO RIAHI**
**ALL RIGHTS RESERVED**

c/o 2028 Melstone Drive
Virginia Beach, Virginia [23456]
holly.riahi@yahoo.com
(757) 717-8208

**List of Parties to Be Served with Addresses for Service of Process**

Case Title: ESTATE OF HOLLY JO RIAHI v. NAVY FEDERAL CREDIT UNION, et al
Court: U.S. District Court for the District of Columbia
Case Number: _____

NAVY FEDERAL CREDIT UNION
820 Follin Lane SE
Vienna, VA 22180

John Collins, private and public capacity
820 Follin Lane SE
Vienna, VA 22180

Michael P. Santomassimo, Chief Financial Officer
WELLS FARGO BANK, N.A.
101 North Phillips Ave.
Sioux Falls, ND 57104

FEDERAL NATIONAL MORTGAGE ASSOCIATION
Granite Park VII
5600 Granite Pkwy
Plano, TX 75024

TRUSTEE SERVICES OF VIRGINIA, LLC
RA: C T CORPORATION SYSTEM
4701 Cox Rd, Ste 285
Glen Allen, VA 23060 - 6808

BROCK & SCOTT, PLLC
RA: C T CORPORATION SYSTEM
4701 Cox Rd, Ste 285
Glen Allen, VA 23060 - 6808